# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| RUSSELL D. WOOTEN, SR., ET AL. | CIVIL ACTION NO. 07-0146 |
| VS. | JUDGE ROBERT G. JAMES |
| ROBERT L. LAFEVER, ET AL. | MAG. JUDGE MARK L. HORNSBY |

## RULING

Pending before the Court is a Motion in Limine [Doc. No. 56] filed by Defendants in the above-referenced matter.  Pursuant to a Stipulation Regarding Medical Expenses [Doc. No. 62], the parties request a ruling by the Court on the first issue advanced in the Motion in Limine: whether Plaintiff Keith Tisdale ("Tisdale") may recover as damages those medical expenses which have been paid by automobile insurers under medical payments coverage.[1]

The parties have stipulated to the following:

(1)     Tisdale was a passenger in the vehicle driven by Russell D. Wooten, Sr. ("Wooten"), on October 7, 2005, when that vehicle was struck by a vehicle operated by Robert L. LaFever on Interstate 20 near Monroe, Louisiana.

(2)     Following the accident, Tisdale incurred medical expenses of $26,000.00.

(3)     State Farm Mutual Automobile Insurance Company ("State Farm") insured the Wooten vehicle and provided coverage for medical payments to the vehicle occupants in the amount of $5,000.00 per person.

---

[1]When the Motion in Limine was filed, Defendants sought a ruling on two issues applicable to Plaintiffs Keith Tisdale and Amos Fuson ("Fuson").  The parties have now limited the motion to the first issue and its application to Tisdale.  The Court will not address any issues regarding Fuson and will not address the second issue: whether the Uniform Motor Vehicle Crash Report should be excluded from evidence.

(4)     State Farm paid to or for the benefit of Tidsdale the sum of $5,000.00.

(5)     Under the terms of the State Farm policy, State Farm is conventionally subrogated to the extent of its payment.

(6)     Mississippi Farm Bureau Insurance Company ("Farm Bureau") insured Tisdale's personal vehicle at the time of the accident and also provided medical payments coverage of $5,000.00.

(7)     Farm Bureau paid to or for the benefit of Tisdale the sum of $5,000.00.

(8)     Under the terms of the Farm Bureau policy, Farm Bureau is conventionally subrogated to the extent of its payment.

[Doc. No. 62, ¶¶ 1-4].

The parties agree that Tisdale may inform the jury of the full amount of medical expenses and that Defendants will not mention nor present evidence of the medical payments by insurers. However, Defendants move the Court for a ruling that any award of medical expenses to Tisdale would be reduced by the $5,000.00 payment by State Farm and the $5,000.00 payment by Farm Bureau for a total reduction of $10,000.00, pursuant to the subrogated medical payments sections of the two policies of insurance.

The insurers have not intervened in this matter.  However, under Louisiana law, if Defendants prove that State Farm and Farm Bureau have a partial subrogation claim, then Tisdale "may recover only his interest in the partially subrogated claim."  Smith v. English, 586 So.2d 583, 592 (La. App. 2 Cir.,1991) (citing Southern Farm Bureau Cas. Ins. Co. v. Sonnier, 406 So.2d 178 (La.1981); La. Code Civ. P. art. 697, Official Revision Comment (c)).  In this case, the parties have stipulated to the subrogation claims.  Therefore, Tisdale may recover the amount of his medical expenses, reduced by $10,000.00, the total amount of the partial

subrogation.[2]

    Defendant's Motion in Limine is GRANTED as to the first issue, and Tisdale is not

permitted to recover the $10,000.00 in medical expenses paid by State Farm and Farm Bureau.

    MONROE, LOUISIANA, this 1st day of May, 2008.


                                        ROBERT G. JAMES
                                        UNITED STATES DISTRICT JUDGE


---

[2]Under the make whole doctrine, an insurance company cannot enforce its subrogation rights until an insured has been fully compensated for his injuries.  See New Orleans Assets, L.L.C. v. Woodward, 363 F.3d 372, 375 (5th Cir. 2004) (applying Louisiana law).  However, the Court's ruling  assumes that Tisdale would be awarded the full amount of his medical expenses, $26,000.00, and the medical expenses would then be reduced by the Court to $16,000.00, the amount not paid by insurance.